THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| RUSTY D. CANNON, an individual and MARLIE J. CANNON, an individual, | ) | Case No. 1:10CV062 DS |
| Plaintiffs, | ) | |
| vs. | ) | MEMORANDUM DECISION AND ORDER |
| COUNTRYWIDE BANK, FSB and and DOES 1-20, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## I. INTRODUCTION

On March 21, 2007, Plaintiffs, Rusty D. Cannon and Marlie J. Cannon borrowed $107,200.00 to purchase property located at 840 North Main Street, Mantua, Utah. The Loan is evidenced by a promissory note dated March 21, 2007, made payable to Countrywide in the original principal amount of $107,200 (the "Note"). The Note is secured by a deed of trust on the property executed by Plaintiffs on March 21, 2007 and the Deed of Trust designates Mortgage Electronic Registration Systems ("MERS") as the sole nominee for Countrywide. On September 11, 2008, ReconTrust Company, N.A. ("ReconTrust") was appointed successor trustee by MERS and recorded September 15, 2008. ReconTrust recorded a notice of default on September 15, 2008 and on October 13, 2009, the Property was sold at a Trustee's Sale to BAC Home Loan Servicing, L.P.

Plaintiffs initially filed a claim in Utah Third District Court on April 16, 2010 alleging damages arising from: (1) Illegal substitution of trustee; (2) Slander of title; (3) Slander of credit; (4) Wrongful foreclosure and Wrongful Foreclosure during Good Faith Negotiations; (5) Violation of the Utah Consumer Sales Protection Act ("UCSPA"); (6) Infliction of Emotional Distress; (7) Production of the Note; (8) Breach of the Covenant of Good Faith and Fair Dealing; (9) Quiet Title and, (10) Illegal Notice, Breach of Duty and Illegal Foreclosure by Recontrust. The case was subsequently removed to United States District Court on May 18, 2010. Defendant Countrywide filed this Motion to Dismiss on July 12, 2010 under Federal Rules of Civil Procedure 12(b)(6).

Accepting all well-pleaded factual allegations in the complaint as true and viewing them in the light most favorable to the plaintiffs, the Court finds that claims 1, 3, 4, and 5 should be dismissed. As to claims 6, 9, and 10, the Court will grant Plaintiff leave to amend the complaint to more fully outline the facts and issues. Claims 2, 7 and 8 are not ripe for dismissal at this point, as further discovery needs to take place. Therefore, the court will consider further motions to dismiss or a motion for Summary Judgment as to claims that were not dismissed after discovery is completed.

## II. STANDARD OF REVIEW

When considering a motion to dismiss under Rule 12(b)(6), F. R. Civ. P., the Court must accept as true all factual allegations in the Complaint and must resolve all reasonable inferences in the plaintiff's favor. *Arnold v. McClain*, 926 F.2d 963, 965 (10th Cir. 1991). The motion will

be granted only if it appears beyond doubt that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief. *Id. See also, Bangerter v. Orem City Corp.*, 46 F.3d 1491, 1502 (10th Cir. 1995). Dismissal under rule 12(b)(6) is a "harsh remedy" which must be cautiously applied "to protect the interests of justice." *Bangerter*, at 1502.

### III.  ANALYSIS

**A.  Plaintiffs' claim (1) for "illegal substitution of trustee" should be dismissed.**

In their response, Plaintiffs concede that their claim for "illegal substitution of trustee" should be dismissed as the substitution of trustee was executed legally. Therefore this claim is dismissed against all Defendants.

**B.  Plaintiffs' claim (2) Slander of Title is not yet ripe for dismissal under a 12(b)(6) motion.**

Plaintiffs argue that their complaint and supporting facts are sufficient to make a claim of slander of title, but that the elements have yet to be proven through further discovery. The elements of slander of title require a plaintiff to demonstrate that (1) without privilege; (2) there was a publication of a slanderous statement disparaging claimant's title; (3) the statement made was false; (4) the statement was made with malice; and (5) the statement caused actual or special damages. *See Burnett v. Mortgage Electronic Registration Systems Inc.*, 2009 U.S. Dist. LEXIS 100409, 16 (C.D. Utah 2009). This court agrees that this claim is not yet ripe for dismissal until further discovery and findings of fact have been established.

**C. Plaintiffs' claims (3) Slander of Credit, (4) Wrongful Foreclosure and Wrongful Foreclosure During Good Faith Negotiations and (5) Violation of the Utah Consumer Protection Act should all be dismissed.**

Utah does not recognize a tort of slander of credit, nor does Utah recognize an actionable claim for wrongful foreclose or wrongful foreclosure during good faith negotiations and therefore these claims should be dismissed. Additionally, as to Plaintiffs' slander of credit claim, the Fair Credit Reporting Act provides immunity to providers of credit information to consumer agencies unless the information is false and is furnished with malice or willful intent to injure such consumer. *See 15 U.S.C.A. § 1681h(e)*. Defendants argue that Plaintiffs fail to set forth any argument demonstrating that this broad immunity does not cover their claims as Plaintiffs make no allegations indicating that Countrywide acted with malice to harm the credit of the Plaintiffs. This court agrees.

Finally, Plaintiffs' claim of violation of the Utah Consumer Protection Act should also be dismissed as this claim is barred by the two year statute of limitations provided in U.C.A. § 13-11-19 which states that all UCSPA claims must be made within two years of the alleged act. Plaintiffs' allegation that closing agents acted unconscionably occurred on or before March 21, 2007. Therefore this claim is dismissed with prejudice pursuant to F.R.C.P. 8(a) and 12(b)(6).

**D. Plaintiffs' claims (6) Negligent and Intentional Infliction of Emotional Distress, (9) Quiet Title and (10) Illegal Notice, Breach of Duty, and Illegal Foreclosure by ReconTrust need to be amended.**

Plaintiffs seek leave of Court to amend their complaint as to the issue of negligent and intentional infliction of emotional distress. This court also finds that Plaintiffs' quiet title claim and claims of illegal notice, breach of duty, and illegal foreclosure by ReconTrust need to be

amended to survive a motion to dismiss. Therefore, this Court grants Plaintiffs thirty days to amend its complaint as to these claims or they will also be dismissed.

**E. Plaintiffs' claim (7) Production of the Note; and (8) Breach of the Covenant of Good Faith and Fair Dealing are not ripe for a Motion to Dismiss.**

Plaintiffs claims for production of the note and breach of the covenant of good faith and fair dealing are not yet ripe for a motion to dismiss and require further discovery. Therefore, the court will not dismiss Plaintiffs' claims (7) and (8) pending discovery. Once discovery is completed, the court will consider further motions to dismiss or motions for summary judgment as to these claims.

## VI. CONCLUSION

For the foregoing reasons Defendant Countrywide Bank's (now known as Bank of America, N.A.) Motion to Dismiss is granted as to Claims 1, 3, 4 and 5. Claims 2, 7 and 8 are not dismissed and the court grants Plaintiff 30 days to amend their complaint as to claims 6, 9 and 10.

SO ORDERED.

DATED this   5th   day of    October   , 2010  .

BY THE COURT:

_(signature)_

DAVID SAM
SENIOR JUDGE
U.S. DISTRICT COURT