THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| RUSTY D. CANNON, an individual and MARLIE J. CANNON, an individual, | ) | Case No. 1:10CV062 DS |
| Plaintiffs, | ) | |
| vs. | ) | MEMORANDUM DECISION AND ORDER |
| COUNTRYWIDE BANK, FSB and and DOES 1-20, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## I. INTRODUCTION

On March 21, 2007, Plaintiffs, Rusty D. Cannon and Marlie J. Cannon borrowed $107,200.00 to purchase property located at 840 North Main Street, Mantua, Utah. The Loan is evidenced by a promissory note dated March 21, 2007, made payable to Countrywide in the original principal amount of $107,200 (the "Note"). The Note is secured by a deed of trust on the property executed by Plaintiffs on March 21, 2007 and the Deed of Trust designates Mortgage Electronic Registration Systems ("MERS") as the sole nominee for Countrywide. On September 11, 2008, ReconTrust Company, N.A. ("ReconTrust") was appointed successor trustee by MERS and recorded September 15, 2008. ReconTrust recorded a notice of default on September 15, 2008 and on October 13, 2009, the Property was sold at a Trustee's Sale to BAC Home Loan Servicing, L.P.

Plaintiffs initially filed a claim in Utah Third District Court on April 16, 2010 alleging damages arising from: (1) Illegal substitution of trustee; (2) Slander of title; (3) Slander of credit; (4) Wrongful foreclosure and Wrongful Foreclosure during Good Faith Negotiations; (5) Violation of the Utah Consumer Sales Protection Act ("UCSPA"); (6) Infliction of Emotional Distress; (7) Production of the Note; (8) Breach of the Covenant of Good Faith and Fair Dealing; (9) Quiet Title and, (10) Illegal Notice, Breach of Duty and Illegal Foreclosure by Recontrust. The case was subsequently removed to United States District Court on May 18, 2010. Defendant Countrywide filed this Motion to Dismiss on July 12, 2010 under Federal Rules of Civil Procedure 12(b)(6).

On 10/5/10, this Court issued an order granting Countrywide Bank's Motion to Dismiss as to Claims 1,3,4 and 5, and granting Plaintiff 30 days to amend their complaint as to claims 6, 9 and 10. Claims 2, 7, and 8 remained as well. Plaintiffs filed an amended complaint on 10/22/10 and a second amended complaint on 12/21/10 alleging damages arising from: Production of the Note (7th Claim for relief); Breach of Covenant of Good Faith and Fair Dealing (8th Claim for relief); quiet title (9th Claim for relief); Fraud (10th Claim for relief); and Unfair or Deceptive Practice under the Utah Consumer Sales Act (12th Claim for relief). On 1/28/11, defendant Countrywide Bank, now known as Bank of America, N.A. filed a motion to dismiss the second amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(6).

Accepting all well-pleaded factual allegations in the complaint as true and viewing them in the light most favorable to the plaintiffs, the Court finds that all claims should be dismissed with prejudice.

## II.  STANDARD OF REVIEW

When considering a motion to dismiss under Rule 12(b)(6), F. R. Civ. P., the Court must accept as true all factual allegations in the Complaint and must resolve all reasonable inferences in the plaintiff's favor.  *Arnold v. McClain*, 926 F.2d 963, 965 (10th Cir. 1991).  The motion will be granted only if it appears beyond doubt that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.  *Id.  See also, Bangerter v. Orem City Corp.*, 46 F.3d 1491, 1502 (10th Cir. 1995).  Dismissal under rule 12(b)(6) is a "harsh remedy" which must be cautiously applied "to protect the interests of justice."  *Bangerter*, at 1502.  A motion to dismiss should be granted pursuant to F.R.C.P. 12(b)(6) if the plaintiff is unable to show sufficient facts to set forth a plausible claim for relief.  *See Bell Atlantic Corporation, et al. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1969 (2007).

## III.  ANALYSIS

**A.  Plaintiffs' claim (1) for "production of the note" should be dismissed.**

Plaintiff's "production of the note" claim does not allege any specific wrongdoing by any defendant and is a theory that has been universally rejected by this Court.  This demand that the note be produced is predicated upon the theory that the note and deed of trust may have been split, and that the lender may therefore not have had authority to foreclose.  This "split the note" theory has been heavily litigated in this district and in multiple other districts and has been rejected repeatedly.  Utah Code Annotated §57-1-35 states, "The transfer of any debt secured by

a trust deed shall operate as a transfer of the security therefor." The statute does not provide for exceptions, nor have Plaintiffs cited to any case law or statute that says that such an exception exists. By law, each successor to the Note also receives the benefit of the security. Under the plain terms of the Trust Deed, which Plaintiffs signed, MERS was appointed as the beneficiary and nominee for the Lender *and its successors and assigns* and granted power to act in their stead, including making assignments and instituting foreclosure.[1] The case law on the matter in this jurisdiction is clear and unequivocal that MERS is able to act as the beneficiary for the Trust Deed. It is undisputed that ReconTrust was properly substituted as trustee by MERS, and therefore MERS was within its contractual rights when it designated ReconTrust to foreclose on the Property. The Court agrees with all of the defendants, and therefore dismisses this claim with prejudice.

**B. Plaintiffs claim for breach of the covenant of good faith and fair dealing should be dismissed as they fail to state a claim.**

Plaintiffs allege in their claim that Bank of America failed to negotiate in good faith and therefore deprived Plaintiffs of their remedies under the contract. An implied covenant of good faith and fair dealing is inherent in every contract. *See Oman v. Davis School Dist.,* 194 P.3d 956, 968 (Utah 2008). To succeed on this claim, Plaintiffs must prove breach of this implied covenant through evidence showing an intentional effort to injure the other party's right to receive the benefits of the contract. *See Simplot v. Chevron Pipeline Co.,* 563 F.3d 1102, 1113 (10th Cir. 2009). This covenant does not, however, establish new rights and it does not impose a

---

[1] *See Trust Deed,* p. 2.

duty on the parties to negotiate in good faith as Plaintiffs claim. This covenant attaches after a contract has been entered in to. *See id.*

The express purpose of the Note and Deed of Trust was to secure repayment of the loan. Plaintiffs admit to defaulting on their repayment obligations. The steps a lender may take in the event of a default, including foreclosure, are set forth in the note and deed of trust which also expressly states that any forbearance of such shall not be considered a waiver of rights, or preclude the exercise of any right or remedy.[2] Therefore, because there was no breach of the implied covenant of good faith and fair dealing this claim is dismissed with prejudice.

**C. Plaintiffs' quiet title claim should be dismissed.**

In order to prevail on a quiet title claim, Plaintiffs must prevail on the strength of their own claim to title, rather than on the weakness of a defendant's title. *See Collard v. Nagle Constr.,* 57 P.3d 603, 607 (Utah Ct. App. 1983). Plaintiffs admit to defaulting on their repayment obligations and the Deed of Trust unambiguously provides for the sale of the property in the event of default. Plaintiffs' claim that the trustee's sale of the property after default is void or voidable for various reasons is not persuasive and is a theory that has also been rejected by this Court. Accordingly, this claim is also dismissed with prejudice.

**D. Plaintiffs' fraud claim should be dismissed.**

Plaintiffs allege that they were misled during negotiation of the loan and that the terms of the loan were misrepresented to them. Plaintiffs' failure to read and understand the loan terms

---

[2] Plaintiffs attempts to modify the loan was contingent upon returning certain documents which they acknowledge they did not return.

does not create liability for the Defendants, however. All of the terms of the loan were made available to Plaintiffs and any misstatements of the loan terms were corrected by the loan documents. Plaintiffs' claim that the monthly loan amounts differ from the terms of the agreement is also incorrect, as the terms of the loan provide for additional amounts to be added to the monthly payments in escrow for property taxes and mortgage insurance, etc. *See Deed of Trust page 3 of 11 and 4 of 11*. Therefore, Plaintiffs' reliance on statements made during the application or negotiation process is unreasonable insofar as they were inconsistent with the terms of the agreement which they signed. Thus, Plaintiffs' fraud claim fails and is also dismissed with prejudice.

### E. Plaintiffs' Utah Consumer Sales Practices Act claim is dismissed.

Finally, Plaintiffs claim that the practices of Defendants place consumers in a deceptive and confusing situation and are thus in violation of the Utah Consumer Practices Sales Act. Plaintiffs state that the amended claim was on a basis different from the one previously dismissed by this Court. This Court finds this argument unpersuasive and also finds that Plaintiffs do not allege specific facts to demonstrate that Defendants have "knowingly or intentionally" engaged in a deceptive act, as is required by the law. *See Kee v. R-G Crown Bank,* 656 F. Supp.2d 1348, 1355 (D. Utah 2009). Therefore, the Court dismisses this claim with prejudice.

## VI.  CONCLUSION

For the foregoing reasons Defendant Countrywide Bank's (now known as Bank of America, N.A.) and BAC Home Loans Servicing, L.P.'s  Motion to Dismiss is granted and all claims are dismissed with prejudice.

SO ORDERED.

DATED this 17th day of May, 2011.

BY THE COURT:

DAVID SAM
SENIOR JUDGE
U.S. DISTRICT COURT